UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELORES M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-01600-PLC |
| ) | |
| UNION NATIONAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Delores M. Davis for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2).[1] Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**The Complaint**

Plaintiff has filed a pro se civil complaint against defendant Union National Life Insurance Company. The complaint is handwritten on a boilerplate form. A number of exhibits have been attached to the complaint and will be considered part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

---

[1] In the caption of each of her filings with the Court, Ms. Davis incorrectly identifies Union National Life Insurance Company as the plaintiff, and herself as the defendant. As she is the one bringing the lawsuit, the Court will refer to Ms. Davis as the plaintiff, and Union National Life Insurance Company as the defendant.

The complaint is hard to read at times, and it is difficult to determine the exact nature of plaintiff's claims. However, her allegations appear to concern two separate life insurance policies with defendant Union National Life Insurance Company. (Docket No. 1 at 1). One policy belonged to her brother, Oliver Davis, Jr., with plaintiff named as the beneficiary. The second policy belongs to plaintiff, and she states that she does not have a beneficiary at this time, but that she is still paying on the policy.

Plaintiff states that she was paying for her brother Oliver's policy until the day he died. (Docket No. 1-1 at 55). She asserts that her brother needed a decent burial and that she thought he was buried in a casket. (Docket No. 1 at 1). However, four months later, she states that he was sent to her "in a box." (Docket No. 1 at 4). Apparently, this is a reference to her brother's cremation. According to a document from defendant that is attached to the complaint, the life insurance policy on Oliver Davis had a face amount of $5,000, with plaintiff the primary beneficiary. (Docket No. 1-1 at 10). Plaintiff was mailed a check in the amount of $1,815.05, while the balance of the policy, $3,173.50, was paid to Lincoln Factoring, a funeral funding company. (Docket No. 1-1 at 47). An irrevocable assignment signed by plaintiff, which assigns $3,173.50 to the Charbonnet-Labat-Glapion Funeral Home, is also attached as an exhibit. (Docket No. 1-1 at 9). However, plaintiff asserts that her "name was a fraud, when I was not there in New Orleans in 2015" to sign it. (Docket No. 1 at 6). Plaintiff further states that she trusted defendant but that they lied to her, implying that defendant is responsible for the cremation of her brother. (Docket No. 1-1 at 57-58).

Plaintiff also complains about a loan taken out against her insurance policy. (Docket No. 1 at 9). She claims that defendant is lying about the loan and that she does not have a loan. She further states that defendant told her that if she did not pay the loan "they will [terminate] my

policy, or call the F.B.I. [and the] C.I.A. [to] come to my home cause I threaten them." She also accuses defendant of not giving her receipts.

For relief, plaintiff asks this Court to remove her policy from defendant Union National Life Insurance Company. (Docket No. 1 at 4; Docket No. 1 at 9). She does not request any money damages.

## Discussion

Plaintiff brings this action against defendant Union National Life Insurance Company regarding monies paid out by defendant following the death of her brother. Having carefully reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court will order plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (stating that if "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of

subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Plaintiff's complaint, however, fails to establish this Court's jurisdiction under either basis.

**A. Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

A claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).

In this case, no federal question appears on the face of plaintiff's complaint. Her allegations contain no reference to a federal statute or a United States treaty. She is not suing the federal government, a federal official, or a federal agency. She has not claimed that her constitutional rights have been violated, and she has not alleged that defendant has acted under color of state law, such as would support a claim under § 1983. As such, she has failed to adequately allege federal question jurisdiction.

### B. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. See also *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d

342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff alleges that she currently lives in Collinsville, Illinois, and that she has resided in Illinois since 2005. (Docket No. 1 at 2; Docket No. 1-1 at 57). She further alleges that Union National Life Insurance Company is located in St. Louis, Missouri. Thus, for pleading purposes, she has alleged diversity of the parties. However, she has not alleged the proper amount in controversy. Indeed, plaintiff states that she is not seeking any money damages, but only removal of her policy from defendant Union National Life Insurance Company. As such, she has failed to adequately allege diversity of citizenship jurisdiction.

**C. Order to Show Cause**

As noted above, federal courts have jurisdiction over two types of cases: federal question cases and diversity of citizenship cases. Plaintiff has failed to allege either basis in her complaint. Therefore, the Court will order plaintiff to show cause why her case should not be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied at this time. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers

relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Moreover, the appointment of counsel is premature as the Court is directing plaintiff to show cause why her case should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff show cause, in writing and no later than **fourteen (14) days** after the date of this order, why plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond to this memorandum and order, her complaint will be dismissed without prejudice.

/s/ Patricia L. Cohen
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of February, 2019