UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELORES M. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-01600-PLC |
| | ) |
| UNION NATIONAL LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Delores M. Davis' response to the Court's February 28, 2019 order to show cause. (Docket No. 7). The Court had ordered plaintiff to show cause why her civil complaint should not be dismissed for a lack of subject matter jurisdiction. Having carefully reviewed plaintiff's response, and for the reasons discussed below, the Court must dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

### **Background**

Plaintiff is a pro se litigant. On September 19, 2018, she filed a civil complaint against defendant Union National Life Insurance Company. (Docket No. 1). The complaint is handwritten on a boilerplate form. A number of exhibits have been attached to the complaint and will be considered part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

The complaint is hard to read at times, and it is difficult to determine the exact nature of plaintiff's claims. However, plaintiff's allegations appear to concern two separate life insurance policies with defendant Union National Life Insurance Company. (Docket No. 1 at 1). One

policy belonged to her brother, Oliver Davis, Jr., with plaintiff named as the beneficiary. The second policy belongs to plaintiff, and she states that she does not have a beneficiary at this time, but that she is still paying on the policy.

Plaintiff states that she was paying for her brother Oliver's policy until the day he died. (Docket No. 1-1 at 55). She asserts that her brother needed a decent burial and that she thought he was buried in a casket. (Docket No. 1 at 1). However, four months later, she states that he was sent to her "in a box." (Docket No. 1 at 4). Apparently, this is a reference to her brother's cremation. According to a document from defendant that is attached to the complaint, the life insurance policy on Oliver Davis had a face amount of $5,000, with plaintiff the primary beneficiary. (Docket No. 1-1 at 10). Plaintiff was mailed a check in the amount of $1,815.05, while the balance of the policy, $3,173.50, was paid to Lincoln Factoring, a funeral funding company. (Docket No. 1-1 at 47). An irrevocable assignment signed by plaintiff, assigning $3,173.50 to the Charbonnet-Labat-Glapion Funeral Home, is also attached as an exhibit. (Docket No. 1-1 at 9). However, plaintiff asserts that her "name was a fraud" and that she was not in New Orleans in 2015 to sign it. (Docket No. 1 at 6). Plaintiff further states that she trusted defendant but that they lied to her, implying that defendant is responsible for the cremation of her brother. (Docket No. 1-1 at 57-58).

Plaintiff also complains about a loan taken out against her insurance policy. (Docket No. 1 at 9). She claims that defendant is lying about the loan and that she does not have a loan. She further states that defendant told her that if she did not pay the loan "they will [terminate] my policy, or call the F.B.I. [and the] C.I.A. [to] come to my home cause I threaten them." She also accuses defendant of not giving her receipts.

For relief, plaintiff asks this Court to remove her policy from defendant Union National Life Insurance Company. (Docket No. 1 at 4; Docket No. 1 at 9). She does not request any money damages.

On February 8, 2019, the Court ordered plaintiff to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction. (Docket No. 6). Specifically, the Court noted that no federal question appeared on the face of the complaint, and that plaintiff had not asserted diversity of citizenship jurisdiction because she was not seeking money damages. Plaintiff was given fourteen days to file a response. Plaintiff has duly complied by filing a response on February 13, 2019.

**Plaintiff's Show Cause Response**

Like the complaint itself, plaintiff's response is disorganized and difficult to understand. Her main concern, however, appears to be the handling of the remains of her brother, Oliver J. Davis, Jr., after he passed away. (Docket No. 7 at 2). Plaintiff states that her brother had a policy with defendant Union National Life Insurance Company, with her as the beneficiary. When her brother died, she tried to get in touch with defendant, but they did not speak to her or answer the phone. Instead, a woman named Cassie M. Davis made arrangements for plaintiff's brother without her permission, and despite the fact that Cassie M. Davis was not the beneficiary. Plaintiff claims that Cassie M. Davis "lied on her" by signing a piece of paper in her name at the funeral home. The result is that plaintiff's brother was cremated against her wishes.

Plaintiff states that on March 9, 2016, the funeral home said they had a "surprise" for her in the mail. She thought it might be something that belonged to her brother. (Docket No. 7 at 3). Instead, she discovered it was her brother's remains. Plaintiff states she almost had a heart attack. She further asserts that this should not have happened to her brother because he "was insured for

3

so long." Plaintiff believes that her brother should have a "decent burial" and that someone should be punished for his cremation. She also wants her brother's remains out of her home. She notes that her brother's policy with defendant added up to $25,000.

## Discussion

Plaintiff brought this action against defendant Union National Life Insurance Company accusing them of liability for the cremation of her brother. The Court ordered plaintiff to show cause why her case should not be dismissed for lack of subject matter jurisdiction. Having carefully reviewed and liberally construed plaintiff's response, and for the reasons discussed below, plaintiff has failed to allege subject matter jurisdiction and her case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) (stating that if "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A. **Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of

subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Plaintiff's complaint, however, fails to establish this Court's jurisdiction under either basis.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

A claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).

In this case, no federal question appears on the face of plaintiff's complaint. Her allegations reference no federal statutes or treaties. She is not suing the federal government, a federal official, or a federal agency. She has not claimed that her constitutional rights have been violated, and she has not alleged that defendant has acted under color of state law, such as would support a claim under § 1983. Plaintiff's response to the Court does not remedy these deficiencies. Rather, she mainly repeats the allegations contained in her complaint, to wit: that her brother was wrongfully cremated and that defendant is somehow responsible. She has not added any facts to indicate that her claim arises under federal law or that defendant's actions run afoul of the United States Constitution or any United States treaty. As such, she has failed to establish the existence of federal question jurisdiction.

### C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. See also *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so

certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff alleges that she currently lives in Collinsville, Illinois, and that she has resided in Illinois since 2005. (Docket No. 1 at 2; Docket No. 1-1 at 57). She further alleges that Union National Life Insurance Company is located in St. Louis, Missouri. Thus, for pleading purposes, she has alleged diversity of the parties. However, her complaint fails to allege the proper amount in controversy. Indeed, plaintiff's complaint does not seek money damages at all. Rather, her statement of relief asserts that she "would like for my policy to be remove[d] from Union National Insurance Company." (Docket No. 1 at 9). The monetary threshold for diversity jurisdiction is $75,000. A plaintiff need only make a good faith allegation of the jurisdictional amount. Here, however, she makes no request for monetary relief at all.

Plaintiff's show cause response does not rectify the deficiency in her complaint. As in her complaint, she does not expressly state an amount of damages. Plaintiff does note that her brother's policy added up to $25,000, but never asserts this is the amount she is seeking. Instead, she states that she "would like [her] brother out of [her] home." (Docket No. 7 at 3). Even if she was seeking the monetary value of her brother's policy, this amount is well below $75,000. As such, she has failed to allege diversity of citizenship jurisdiction.

### D. Dismissal

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Here, there is no jurisdictional basis on the face of plaintiff's complaint. Even after directing plaintiff to show cause why her case should not be dismissed for lack of jurisdiction, she failed to assert sufficient facts to demonstrate either a federal question or diversity of citizenship. Therefore, plaintiff's complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of April, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE